UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,      Case No. 15-cv-10359

v.                           Judith E. Levy
                           United States District Judge
Bruce R. Griffith,
                           Mag. Judge Elizabeth A. Stafford
         Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [25]**

This is a case concerning unpaid taxes. Pending is plaintiff's motion for summary judgment. (Dkt. 25.) Defendant has not responded to the motion. The Court determines that oral argument is not necessary, and will decide the motion on the brief filed pursuant to E.D. Mich. Local R. 7.1(f)(2).

**I. Background**

On January 27, 2015, plaintiff filed a complaint alleging that defendant, owner of BBB Auto Enterprise, LLC, had $48,479.85 in unpaid back taxes and civil penalties. (Dkt. 1 at 2-3.) Records show

that defendant is the owner of real property located at 6132-6200 E. 11 Mile Road in Warren, MI.  (*Id.* at 3-4.)  Plaintiff seeks a lien against that property.

On July 15, 2015, plaintiff filed a motion for summary judgment, seeking: (1) a declaration that defendant is liable for $51,207.63 in unpaid taxes, penalties, and interest as of July 13, 2016; (2) a declaration that defendant is liable for statutory additions to that amount from July 13, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, as well as 28 U.S.C. § 1961(c), until judgment is satisfied; and (3) confirmation that federal tax liens have attached to the above-mentioned real property and plaintiff may enforce such liens against the property.  (Dkt. 25.)  Defendant did not respond to the motion.

## II.   Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir.2002)).

### III. Analysis

At the summary judgment stage of a tax assessment and lien case such as this one, "the Government is awarded an initial presumption of correctness for its assessment, placing the burden of disproving such assessments on the taxpayer." *United States v. Hammon*, 277 F. App'x 560, 563 (6th Cir. 2008) (citing *United States v. Besase,* 623 F.2d 463, 465 (6th Cir. 1980)). "The burden on the taxpayer is not merely a burden of producing evidence; it is a burden of persuasion by the preponderance of the evidence that the assessment is not correct." *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986) (citing *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981)).

Here, plaintiff has provided extensive records of assessments of defendant's owed taxes, as well as a declaration from Jake Adamczyk, a Revenue Officer employed by the Internal Revenue Service. (*See* Dkts.

25-2, 25-3.) The assessments and supporting declaration show that, as of July 13, 2016, defendant owed $51,207.63 to the Internal Revenue Service. Defendant did not respond to the motion for summary judgment. Accordingly, he has not met his burden, and the Court will accept the assessment as valid. Defendant is liable for $51,207.63 as of July 13, 2016, plus any applicable statutory additions of interest and other penalties since that date.

Plaintiff seeks a lien on the real property owned by defendant, pursuant to 26 U.S.C. § 7403. Section 7403 permits the Government to file a civil action in a district court "[i]n any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made. . . ." The lien arises when "any person liable to pay any tax neglects or refuses to pay the same after demand" and "the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

Plaintiff has established that a lien exists on the real property owned by defendant in the amount of his unpaid taxes. Accordingly,

plaintiff may enforce its lien to the extent permitted by applicable law, including judicial sale.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Plaintiff's motion for summary judgment (Dkt. 25) is GRANTED;

Defendant is determined to be liable for $51,207.63 in unpaid taxes, penalties, and interest as of July 13, 2016 as well as any applicable statutory additions of interest and penalties since that date; and

Plaintiff may enforce its lien on defendant's real property as described above, including through judicial sale.

IT IS SO ORDERED.

Dated: September 13, 2016      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 13, 2016.

                                          s/Felicia M. Moses
                                          FELICIA M. MOSES
                                          Case Manager